IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SANDRA SCOTT TABB,**

Plaintiff,  No. 3:16-cv-00446-MO

v.  OPINION AND ORDER

**U.S. BANK NATIONAL ASSOCIATION,**
as Trustee, **MORTGAGE ELECTRONIC
REGISTRATION SYSTEM,** and **REGIONAL
TRUSTEE SERVICES,** Oregon,

Defendants.

**MOSMAN, J.**,

      Defendant U.S. Bank brings a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim [24]. For the following reasons, I GRANT Defendant's Motion to Dismiss as to all claims against all defendants.

    I.    Background

      Plaintiff Sandra Scott Tabb and Roger Tabb took out a loan in July 2006 for $404,000.00. They defaulted on the loan and a foreclosure action was filed on January 3, 2013, as Multnomah County Circuit Court of Oregon, Case No. 1301-00034. Ms. Tabb appeared and thoroughly litigated the issues in that state law proceeding. The state court found Ms. Tabb had defaulted and granted summary judgment in favor of U.S. Bank. Ms. Tabb now brings a federal court

1 – OPINION AND ORDER

action with three claims alleging 1) the Defendants did not have standing to foreclose on the note; 2) Defendant MERS had no authority to assign the note; and 3) Defendants committed forgery.

II.     Discussion

U.S. Bank moves to dismiss asserting this Court lacks jurisdiction under the *Rooker-Feldman* doctrine among other grounds.

"The basic premise of *Rooker–Feldman* is that 'a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court.'" *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004) (quoting *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Congress "has determined that the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts." *Id.*; *see* 28 U.S.C. § 1257. However, in applying *Rooker-Feldman* the Ninth Circuit has distinguished between a legal wrong by the state court and a legal wrong committed by an adverse party.  If Ms. Tabb "asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court."  *Noel*, 341 F.3d at 1164.  However, if Ms. Tabb "asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Id.*

In Claim 1, Plaintiff alleges Defendants "in cause number 1301000034 [the state court case] failed to prove standing to foreclose on [Ms. Tabb's] property by failing to produce evidence to prove that they were the holder of the alleged Note or were entitled to foreclosures." (Pl.'s Am. Compl. 3.)   This claim directly invokes the state court decision, "cause number 1301000034," and asks me to set aside the state court's judgment—the very action *Rooker-*

*Feldman* forbids. As such, I GRANT the Defendants' Motion to Dismiss for lack of subject matter jurisdiction as to Claim 1.

In Claim 2, Plaintiff alleges MERS "had no authority to assign anything because MERS judicially admits that it NEVER has any interest in the promissory note or any pecuniary interest in the alleged mortgage indebtedness." (Pl.'s Am. Compl. 3.) And "therefore the defendants lacked authority to record the assignment in the country records." *Id.* This claim implicitly asks that I undermine the state court's finding that the "lien of [U.S. Bank] is superior to any interest, lien, or claim" of Ms. Tabb's. (Req. for Jud. Not. Ex 3 at 4.) The *Rooker-Feldman* doctrine serves as a bar to this claim and I therefore GRANT the Defendants' Motion to Dismiss for lack of subject matter jurisdiction as to claim 2.

In Claim 3, Ms. Tabb invokes ORS § 165.013(1) and alleges "Defendants were complicit in forgery when MERS assigned [Ms. Tabb's] mortgage to Defendants when MERS had no authority to do so and then recorded such assignment in the public record." While Ms. Tabb's third claim may also have been necessarily decided by the state court and thus subject to the *Rooker-Feldman* doctrine, the general judgment from Multnomah Circuit Court, of which I take judicial notice, does not address the question of forgery. Therefore, I am unable to determine if the forgery allegations relate to an alleged legal wrong by the court, and are thus barred by *Rooker-Feldman,* or instead refer to allegedly illegal acts by the Defendants, to which *Rooker-Feldman* would be inapplicable. However, Ms. Tabb's claim is fatally defective for another reason. "Statutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability." *Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006). I therefore GRANT Defendant's Motion to Dismiss as to Ms. Tabb's third and final claim.

3 – OPINION AND ORDER

III.  Conclusion

For the foregoing reasons, I GRANT Defendant's Motion to Dismiss as to all claims against all defendants.

DATED this   25th   day of August, 2016.

                                                /s/ Michael W. Mosman
                                                MICHAEL W. MOSMAN
                                                Chief United States District Judge